UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT W. CRONIN,

        Plaintiff,

v.                                        Case No. 3:17-cv-1283-J-39JBT

JULIE L. JONES, SECRETARY,
FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____

## ORDER

Plaintiff Robert Cronin, an inmate incarcerated at Zephyrhills Correctional Institution (ZCI), initiated this action on November 15, 2017, by filing a civil rights complaint (Doc. 1; Complaint). In his Complaint, Plaintiff asserts claims for deliberate indifference to serious medical needs and medical malpractice against the Secretary of the Florida Department of Corrections (FDC) and medical providers. See Complaint at 3-4. His claims arise out of an injury he sustained following a slip-and-fall incident that occurred at Suwannee Correctional Institution-Annex (SCI) on November 12, 2015. Id. at 7-8. The fall resulted in an injury to Plaintiff's left shoulder/clavicle, which causes him "severe pain and inability to lift left arm beyond 45 [degrees]." Id. at 7. According to Plaintiff, an orthopedist and the prison doctor recommended shoulder surgery, which has

been denied. Id. at 9-10. He seeks damages and injunctive relief, including surgery and continuing medical treatment. Id. at 7.[1]

Before the Court is Plaintiff's Motion for Preliminary Injunction, which he filed on October 24, 2018 (Doc. 61; Motion). Plaintiff filed the Motion seeking to "enjoin Defendants from causing any further exacerbation of [his] shoulder/clavicle injuries." See Motion at 1. He asserts that his shoulder injury has become worse and he suffers from extreme chronic pain while "performing activities of daily living." Id. at 2. He also states that he has been transferred numerous times since July 25, 2018, and each time he is "forced to carry all his personal/legal property to and from the bus while handcuffed, shackled, and chained, far exceeding the weight/activity restrictions on his medical pass." Id. In his Motion, Plaintiff seeks the following relief:

> [T]o enjoin Defendant Jones/FDC from further institutional transfers for medical consults or other, until [he] undergoes successful orthopedic surgery, rehabilitation and pain management. Also, [he] seeks to enjoin [D]efendants from any further delay in providing the . . . surgeries as recommended by the orthopedic specialists. The preliminary relief sought requires that qualified non-Centurion orthopedic surgeons perform the procedures at relatively local (i.e. Tampa or Orlando) certified/reputed [sic] hospital. That would require that the Plaintiff be transported from ZCI directly to the hospital on a FDC van (without requiring him to carry his property) and returned in the same manner. The goal is to immediately stop the cruel and unusual punishment on Plaintiff Cronin.

Id. at 4. Plaintiff states that the relief sought is intended to enjoin Defendants "from causing further harm" to his shoulder and "[e]nd all retaliatory actions of FDC employees and its medical contract employees." Id. at 7-8.

---

[1] Plaintiff also seeks treatment for injuries to his hands, which he attributes to a second slip-and-fall incident that occurred at SCI on August 14, 2017. See Complaint at 6, 7.

Defendants have responded in opposition to Plaintiff's Motion (Docs. 65, 66, 67, 68). Two Defendants, Drs. Kenney and Shubert, assert that they currently have no contractual relationship with the FDC, and they each now live in California (Docs. 65, 66). Thus, they have no ability to provide the relief Plaintiff seeks in his Motion. The Court finds Defendants Kenney's and Shubert's objections to entry of an injunction against them reasonable, and Plaintiff's Motion, to the extent directed to Defendants Kenney and Shubert, is due to be denied.

In Defendant Campbell's response (Doc. 68; Campbell Response), he asserts that Plaintiff has failed to establish the requirements necessary to seek injunctive relief. See Campbell Response at 3. Specifically, Defendant Campbell states that Plaintiff has not demonstrated a "likelihood of success on the merits" in part because Plaintiff alleges that he has received medical care, and Campbell has filed a motion to dismiss. See id. Defendant Jones, in her response (Doc. 67; Jones Response), asserts that Plaintiff's Motion should be denied because he seeks relief that would result in providing him the "ultimate relief requested in [his] Complaint." See Jones Response at 2. Defendant Jones further argues that Plaintiff's request relief would require the FDC to perform certain acts, which is not contemplated by Federal Rule of Civil Procedure 65 or the Local Rules of this Court. See id. at 5.

The decision to grant a preliminary injunction is vested in the "sound discretion of the district court." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). "A preliminary injunction is an 'extraordinary and drastic remedy,'" which will not be granted unless the movant carries his burden of persuasion. See Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018), cert. denied, --- S. Ct. ---, 2018 WL 3241787 (Oct. 1, 2018).

3

> To receive a preliminary injunction, the plaintiff must clearly establish the following requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest."

Id. at 1287 (quoting Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002)). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." Suntrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1284 (11th Cir. 1990)). Nevertheless, "[t]he purpose of such interim equitable relief is not to conclusively determine the rights of the parties, but to balance the equities as the litigation moves forward." Trump v. Int'l Refugee Assistance Project, 137 S. Ct. 2080, 2087 (2017). In exercising its discretion, a court "need not grant the total relief sought by the applicant but may mold its decree to meet the exigencies of the particular case." Id.

To the extent Plaintiff seeks entry of a preliminary injunction that would enjoin the FDC from transferring him to other institutions, this Court may not grant such relief. See, e.g., McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another."). See also Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial.").

Moreover, to the extent Plaintiff seeks the affirmative relief he requests in his Complaint, the Court finds that such relief is not appropriate. In his Motion, the primary relief Plaintiff seeks is an order directing Defendants to authorize surgery, rehabilitation,

4

and pain management. See Motion at 8. Plaintiff seeks the same relief in his Complaint. See Complaint at 7. An order granting such relief pursuant to a preliminary injunction would permit Plaintiff to circumvent the litigation process. It would, in effect, award him the relief he seeks in his Complaint prior to an adjudication of the case on the merits. Thus, the Court finds that Plaintiff's Motion is due to be denied to the extent he seeks the Court to order Defendants Jones and Campbell to provide him surgery and medical treatment for his shoulder injury.

Insofar as Plaintiff seeks a preliminary injunction that would enjoin the FDC from forcing him to exceed the weight/activity restriction pursuant to a medical pass, the Court finds Plaintiff's Motion has some merit. Indeed, to the extent Plaintiff asserts that he is "awaiting formal designation as a person covered by the Americans with Disabilities Act," see Motion at 4, and that recent actions of FDC employees are exacerbating his shoulder injury, the Court finds that limited injunctive relief may be appropriate. A prisoner may be entitled to limited injunctive relief when he demonstrates that actions of prison employees are unreasonably and irreparably exacerbating the underlying medical condition that is the basis of the claim. See, e.g., Farnam v. Walker, 593 F. Supp. 2d 1000, 1014 (C.D. Ill. 2009) (holding that a prisoner suffering from cystic fibrosis carried his burden of persuasion when, after discovery and an evidentiary hearing, he demonstrated that prison administrators confiscated a medical device that he required to clear his airways); Jones 'El v. Berge, 164 F. Supp. 2d 1096, 1117 (W.D. Wis. 2001) (enjoining defendants from housing seriously mentally ill patients in "Supermax" isolated confinement, recognizing that the defendants' conduct could "only be considered punishment for punishment's sake").

In his Complaint, Plaintiff asserts that he suffers a serious medical need. Plaintiff further alleges that two doctors, including an orthopedic surgeon, have recommended surgery, which FDC and Defendant Campbell have denied as a means of saving costs. The Eleventh Circuit has recognized that allegations such as these could support an eighth amendment deliberate indifference claim. See McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) (recognizing that a prisoner states a claim for deliberate indifference when he alleges that the medical treatment he has received was cursory or motivated by a "decision to take an easier but less efficacious course").

In their motions to dismiss (Docs. 23, 28), Defendants Jones and Campbell do not dispute that Plaintiff suffers a serious medical need. In her motion to dismiss (Doc. 23; Jones Motion), Defendant Jones asserts that the FDC is entitled to sovereign immunity and Eleventh Amendment immunity as to a request for damages, and that Plaintiff should be ordered to amend his Complaint, which she characterizes as a "shotgun" pleading that is unorganized, preventing her from formulating a response. See Jones Motion at 3, 6. Notably, Defendant Jones does not attack the substance of Plaintiff's Eighth Amendment claim against her other than to state in a conclusory, unsupported manner that "Plaintiff's allegations fail to satisfy the standard required to hold Defendant Jones liable for his claim of deliberate indifference." Id. at 5.

Defendant Campbell asserts in his motion to dismiss (Doc. 28; Campbell Motion) that Plaintiff fails to state a claim for deliberate indifference because Plaintiff's allegations demonstrate that he has "received adequate medical care, and merely desires different modes of treatment." See Campbell Motion at 6. In fact, however, Plaintiff directly asserts that the treatment he has received was motivated by cost saving concerns and was so

cursory as to amount to no treatment at all. See Complaint at 14, 15-16. Defendant Campbell also states that "Plaintiff fails to allege that [he] had knowledge of a substantial risk to Plaintiff's health." See Campbell Motion at 5. Plaintiff specifically alleges as such. Plaintiff asserts that Defendant Campbell "absolutely knew about [his] serious medical need . . . . [and] intentionally disregarded the substantial risk posed . . . by rejecting both M.D. Figueroa's and Specialist Dr. Kleinhands' recommendations [for surgery]." See Complaint at 15.

To the extent Plaintiff alleges in his Complaint that he suffers a serious medical need requiring surgical intervention that has been denied, see Complaint at 9-10, and to the extent that Defendants Jones and Campbell do not dispute the existence of a serious medical need, both parties' interests would be served by ensuring the FDC employees do not engage in conduct that will exacerbate Plaintiff's condition before an adjudication of the case on its merits. However, Plaintiff provides no evidence in support of his assertion that he has a medical pass with a weight restriction on lifting or that he has been forced to carry his personal belongings exceeding the weight limit on numerous occasions.[2] Moreover, Defendants Jones and Campbell, in their responses to Plaintiff's Motion, have failed to directly address Plaintiff's assertions regarding the medical pass and being forced to carry in excess of the weight restriction.

---

[2] Plaintiff submitted a "slip-and-fall timeline" in support of his Motion (Doc. 61-1). It appears he may have omitted portions or provided the incorrect documentation; he provides a one-page document describing his second alleged slip-and-fall that occurred on August 14, 2017. In response to Defendant Campbell's Motion to Dismiss (Doc. 50), Plaintiff provides a more detailed "time-line" in which he references having received a "no lifting" pass for his left arm in 2016 (Doc. 50-7 at 2). Plaintiff does not provide a current medical pass in support of his Motion here, however.

In light of the above, the Court will direct Defendants Jones and Campbell to submit supplemental responses to Plaintiff's Motion to directly address Plaintiff's assertion that he has been forced to lift and carry his personal property in direct violation of his medical pass and Plaintiff's request that the FDC be enjoined from further such action.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction (Doc. 61), to the extent he seeks relief from Defendants Kenney and Shubert, is **DENIED**.

2. Plaintiff's Motion for Preliminary Injunction (Doc. 61), to the extent he seeks relief from Defendants Jones and Campbell, is **DENIED in part** with respect to his requests for the following relief: (1) an alternate mode of transportation to medical appointments[3]; (2) pain medication; (3) surgery, follow-up treatment, rehabilitation, and pain management by non-Centurion doctors. The Court **DEFERS** ruling on Plaintiff's request that the FDC be enjoined from forcing him to carry belongings/items in excess of the weight restriction pursuant to a medical pass until Defendants Jones and Campbell file supplemental responses.

3. No later than **November 30, 2018**, Defendants Jones and Campbell shall file supplemental responses to Plaintiff's Motion, directly addressing Plaintiff's request that the FDC be enjoined from forcing him to carry belongings/items in excess of the

---

[3] To the extent Plaintiff requests the Court to order Defendants to provide transportation via a particular means, the Plaintiff's request is denied. To the extent Plaintiff's reference to a "mode of transport" refers to his being forced to carry items in excess of a particular weight restriction, the Court defers ruling on his request as stated in this Order.

8

weight restriction pursuant to a medical pass and providing any relevant documents concerning the weight restriction and medical pass.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of November, 2018.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Robert Cronin
 Counsel of Record